IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:17-CR-70 ALM |
| § | |
| HERNAN CARBAJAL-MARTINEZ § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 9, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by William Tatum.

On November 27, 2017, Defendant was sentenced by the Honorable Amos L. Mazzant, United States District Judge, to a sentence of fourteen (14) months imprisonment followed by a three (3) year term of supervised release for the offense of Reentry of Removed Alien. Defendant began his term of supervision on June 28, 2018. On June 29, 2018, Defendant was deported to Mexico

On November 7, 2018, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 29). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; and (2) As a condition of supervised release, immediately upon release from confinement, Defendant must surrender to a duly authorized immigration official for deportation proceedings in accordance with the established procedures by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, Defendant must remain outside the United States. In

the event Defendant is not deported, or for any reason re-enter the country after having been deported, Defendant must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within seventy-two hours of release by immigration officials or re-entry into the country.

The Petition alleges that Defendant committed the following violations: (1) On November 1, 2018, Defendant was arrested by the Grand Prairie Police Department in Grand Prairie, Texas, for Failure to Identify Fugitive Intent to Give False Information, in violation of Texas Penal Code 38.02(D)(2). On November 3, 2018, Defendant was released on a $500.00 bond and transferred to Immigration and Customs Enforcement custody. This charge is set for a court appearance on December 6, 2018. After being deported on June 29, 2018, Defendant committed the offense of Illegal Reentry of a Deported Alien, in violation of Title 8 U.S.C. § 1326, as evidenced by his arrest in Grand Prairie, Texas, on November 1, 2018. As of the writing of the Petition, Defendant is being held in the custody of Immigration and Customs Enforcement; and (2) As evidenced by Defendant's arrest in Grand Prairie, Texas, on November 1, 2018, Defendant failed to remain outside the United States as ordered after being deported on June 29, 2018.

At the hearing, Defendant entered a plea of true to Allegation, portion pertaining to Failing to Identify Fugitive Intent to Give False Information. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the November 9, 2018, hearing, the Court recommends that Defendant be committed

to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with twenty-seven (27) months supervised release to follow.  The Court further recommends that Defendant's term of imprisonment be carried out in any facility other than FCI Pecos, if appropriate.

**SIGNED this 26th day of November, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE